IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 1:17-cr-00075-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. ADAM NAUVEED HAYAT,

    Defendant.

---

## PLEA AGREEMENT

---

The United States of America, by and through Julia K. Martinez, Assistant United States Attorney, and defendant, Adam Nauveed Hayat, personally and through counsel, Matthew C. Golla, Assistant Federal Public Defender, submit the following Plea Agreement.

### I. PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties understand that any recommendations that a particular sentence or sentencing range be imposed pursuant to this plea agreement is not binding on the court.

A. **Defendant's Obligations**

    1. **Count of Conviction**

The defendant agrees to waive indictment and plead guilty to Counts One, Two and Three of the Information charging a violation of 26 U.S.C. § 5861(d) - Possession of Firearms Not Registered With the National Firearms Registration and Transfer Record.

1

**COURT EXHIBIT 1**

2. **Sentencing Position**

In exchange for the concessions made by the government in this agreement, the defendant agrees to recommend, jointly with the government, that the Court vary or depart from the applicable Guidelines range and impose *consecutive* sentences of imprisonment and supervised release for each count of conviction. The defendant agrees to recommend a sentence of imprisonment of no less than five months for each count of conviction and to recommend three years of supervised release for each count of conviction, for a total sentence of no less than 15 months of imprisonment and nine years of supervised release. The defendant further agrees to recommend, jointly with the government, that as part of the conditions of supervised release, the defendant be required to (1) spend the first six months of his release in a halfway house, and (2) obtain mental health treatment and take prescribed medications, as ordered by Probation.

3. **Waiver of Appeal**

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; or (2) the government appeals the sentence imposed. If either of these two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a

motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

B. **Government's Obligations**

1. **Dismissal of and Additional Charges**

If the defendant enters an unconditional plea of guilty to Counts One, Two, and Three of the Information and otherwise fulfills all obligations outlined above, the government will dismiss Count One of the Indictment and agrees not to charge the defendant with any other violations of law now known to the United States Attorney's Office for the District of Colorado.

2. **Sentencing Position**

The government agrees to recommend, jointly with the defendant, that the Court vary or depart upwardly from the applicable Guidelines range and impose *consecutive* sentences of imprisonment and supervised release for each count of conviction. The government agrees to recommend a sentence of imprisonment of no more than six months for each count of conviction and to recommend three years of supervised release for each count of conviction, for a total sentence of no more than 18 months of imprisonment and nine years of supervised release. The government further agrees to recommend, jointly with the defendant, that as part of the conditions of supervised release, the defendant be required to (1) spend the first six months of his release in a halfway house, and (2) obtain mental health treatment and take prescribed medications, as ordered by the United States Probation Department.

3

3. <u>**Acceptance of Responsibility**</u>

If the defendant engages in no conduct that otherwise implicates § 3C1.1, the government agrees that a 3 point reduction in the offense level for acceptance of responsibility, pursuant to § 3E1.1, is appropriate and agrees to make the appropriate motion at sentencing.

C.   <u>**Effect of Withdrawal from Plea Agreement**</u>

The parties stipulate and agree that the government may unilaterally withdraw from this Plea Agreement under any of the following circumstances: 1) if the defendant does not plead guilty to Counts One, Two, and Three of the Information; 2) if the Court does not accept the defendant's guilty plea; 3) if the defendant successfully withdraws his plea, either in the district court or on direct or collateral appeal; 4) if the defendant, at any time after judgment is entered, obtains dismissal, reversal or remand of the count(s) of conviction for any reason; or 5) if the court rejects this Plea Agreement (or any part thereof), either before, during, or after sentencing.

## II. ELEMENTS OF THE OFFENSE

The parties agree that the essential elements of the offenses to which this plea is being tendered, the crime of possession of firearms not registered with the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(d) are:

*One*: The defendant knowingly possessed a firearm as defined by § 26 U.S.C. 5845(a);

*Two*: The defendant knew of the specific characteristics or features of the firearm that caused it to be registrable under the National Firearms Registration and Transfer Record;

*Three*: The firearm was in or could readily have been put in operating condition; and

*Four*: The firearm was not registered to the defendant in the National Firearms Registration and Transfer Record.

### III. STATUTORY PENALTIES

The statutory penalty for a violation of 26 U.S.C. § 5861(d) is: not more than 10 years of imprisonment, not more than a $250,000 fine, or both; not more than 3 years of supervised release; a $100 special assessment fee.

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury. A violation of the conditions of probation or supervised release may result in a separate prison sentence.

### IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the right to possess firearms, vote, hold elected office, and to serve on a jury. If the defendant is not a United States citizen, this conviction will result in the defendant's removal from the United States once he has completed any sentence of imprisonment.

#### A. Future Violations of Supervised Release

If supervised release is imposed, a violation of any conditions of probation or supervised release may result in a separate prison sentence and additional supervision. If a condition of release is violated, the defendant may be sentenced to up 3 years per count of conviction without credit for pre-release imprisonment or time previously served on post-release supervision.

### V. STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty pleas that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense(s) of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C.

§ 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

The statement of facts herein does not preclude either party from presenting and arguing, for sentencing purposes, additional facts or factors not included herein, which do not contradict the facts to which the parties have stipulated, and which are relevant to the guideline computation under § 1B1.3, or to the sentencing factors found in § 1B1.4, 18 U.S.C. § 3553(a), or to this Court's overall sentencing decision. In "determining the factual basis for the sentence, the Court will consider the stipulation of the parties, together with the results of the presentence investigation, and any other relevant information." § 6B1.4 Comm.

The parties stipulate to the following facts:

Between on or about December 22, 2016, and February 16, 2017, in the State and District of Colorado, the defendant, Adam Nuveed Hayat, knowingly possessed six pipe bombs which were not registered to him in the National Firearms Registration and Transfer Record. The pipe bombs were firearms and destructive devices, as defined in Title 26 United States Code, Sections 5845(a)(8) & (f), in that they were explosive and incendiary bombs or similar devices and were weapons made of pipes more than one half-inch in diameter which would expel projectiles by means of an explosive propellant.

Late on February 15 and into the early morning of February 16, 2017, Denver Police responded to 1550 Court Place Room #1902, The Sheraton Hotel, in Denver, Colorado, on a report of a suspicious occurrence involving explosives. Inside the hotel room, was a mirrored

closet door with the word "explosives" written on it. Inside the hotel room closet, the reporting officer observed a closed ammunition can. After also noticing metal pipes on the hotel room floor, the officer exited the hotel room to wait for the bomb squad.

The bomb squad responded to the scene and deployed an explosive detection canine inside the hotel room. The explosive canine alerted positively to possible explosive/energetic material inside the closet of the hotel room. Bomb squad detectives subsequently devised a plan to safely remove the green ammunition can from the hotel room safe and transport it to the Denver Police Department Bomb Range.

At the bomb range, detectives used a remote render safe procedure to open the ammunition can and then approached the open ammunition can and removed 2 metal pipe bombs and 4 grey colored pvc pipe bombs. Each pipe bomb was rendered safe, documented, and collected for evidence.

Detectives then conducted a flame test on the white, black, and gray granular material found inside one of the pipe bombs. Because of the flame test the granular material burned and sporadically sparked which indicated the granular material was energetic in nature. The same granular material was removed from each improvised explosive device.

The defendant checked into room 1902 at the Denver Sheraton Hotel on or about December 7, 2016. He departed on February 15, 2017. During his stay at the hotel, the defendant purchased the components required to manufacture pipe bombs and constructed the six pipe bombs found in his hotel room. He had learned how to make explosive devices when in the military. During a post-arrest interview, the defendant stated that he built the pipe bombs because he had planned to go to Pueblo, Colorado, and blow himself up, though he later changed his mind.

7

## VI. ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of sentence in this case is governed by Title 18, United States Code, Section 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission.

In order to aid the Court, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The defendant agrees and consents that facts that determine the offense level will be found by the Court, by a preponderance of the evidence, and that the Court may consider and use any reliable evidence, including hearsay and the facts outlined in the Presentence Report. The parties further agree that the stipulation of facts in this plea agreement will also be used by the Court in determining the sentencing guideline range.

The parties provide the following estimated guideline range for the Court's consideration pursuant to 18 U.S.C. § 3553(a)(4). The range and calculation of that guideline range is an estimate only, and the parties are not bound if the probation department determines that a different guideline range applies. Any estimation by the parties regarding the appropriate advisory guideline application does not limit the positions the parties may take at sentencing on the appropriate sentence for the Court to impose; rather, those limits are set out in Part I of this plea agreement. The Court may impose any sentence, up to the statutory maximum, regardless

of any advisory guideline range computed, and the parties agree that the Court is not bound by any position of the parties.

As reflected by the agreed sentencing recommendations outlined in Part I of this plea agreement, the parties submit that a departure, under § 5K2.0(a), or variance is appropriate due to circumstances of the offense and specific characteristics of the defendant. Specifically, the parties submit that the Court should depart or vary downward as to the defendant's sentence of imprisonment, but depart or vary upward as to the total term of supervised release.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

To the extent the parties disagree about the estimated guideline sentencing factors, the computations below identify the factors which are in dispute. § 6B1.4(b).

**Offense Level**: The base guideline is § 2K2.1.

A. The base offense level for this offense is 18. § 2K2.1(a)(5).

B. Because there were eight (8) firearms, there is an increase of **+2** levels. § 2K2.1(b)(1)(A).

C. Because the firearms were destructive devices, there is an increase of **+2** levels. § 2K2.1(b)(3)(B).

D. No victim-related, role-in-offense, obstruction and/or multiple count adjustments apply.

E. Defendant should receive a decrease in the offense level by **-2** based upon acceptance of responsibility. § 3E1.1(a). Defendant should also receive a decrease in the offense level

9

by **–1** for timely notifying the government. § 3E1.1(b). At sentencing, the government will make the appropriate motion for the one-point reduction.

F. The adjusted offense level is **19**.

### Criminal History Category

G. The parties acknowledge and agree that the estimation regarding Defendant's criminal history is tentative. Defendant acknowledges that the criminal history will be further investigated by the United States Probation Department and ultimately determined by the Court. Defendant further acknowledges that any additional facts regarding the criminal history can greatly affect the final guideline range and result in a longer term of imprisonment. Based upon the facts known at this time regarding Defendant's criminal history, the parties believe that Defendant falls within Criminal History Category ("CHC") I. § 4A1.1.

H. The career offender and repeat and dangerous sex offender adjustments do not appear to apply. § 4B1.1; § 4B1.5.

### Guideline Ranges

I. The guideline range resulting from the estimated offense level of 19 and the estimated criminal history category of I is **30** to **37** months of imprisonment. However, the imprisonment range could be from 30 months (bottom of CHC I) to 78 months (top of CHC VI).

J. Pursuant to § 5E1.2, assuming the estimated offense level of 19, the fine range for this offense would be $10,000 to $100,000, plus applicable interest and penalties.

K. Pursuant to § 5D1.2, the term of supervised release shall be not more than three years.

L. Pursuant to § 5G1.2, the sentences imposed for each count of conviction ordinarily ought to run consecutively. As stated above, the parties will jointly recommend that the Court depart or vary and impose consecutive sentences.

## VII. ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements, (or "side agreements"), terms, conditions, understandings or assurances, express or implied. In entering this agreement, neither the government nor the defendant have relied, or are relying, on any terms, promises, conditions or assurances not expressly stated in this agreement.

Date: 5/28/18

_____
Adam Nauveed Hayat
Defendant

Date: 5/24/18

_____
Matthew C. Golla
Attorney for Defendant

Date: 5/22/18

_____
Julia K. Martinez
Assistant U.S. Attorney